IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**ROBERT CONGER, JR.,**   3:16-cv-01850-BR

      **Plaintiff,**   OPINION AND ORDER

v.

**NANCY A. BERRYHILL,**[1]
**Acting Commissioner, Social
Security Administration,**

      **Defendant.**


**MERRILL SCHNEIDER**
Schneider Kerr & Robichaux
P.O. Box 14490
Portland, OR 97293
(503) 255-9092

      Attorneys for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**JANICE E. HEBERT**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

---

[1] On January 23, 2017, Nancy A. Berryhill was appointed the Acting Commissioner of the Social Security Administration and pursuant to Federal Rule of Civil Procedure 25(d) is substituted as Defendant in this action.

1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**ALEXIS L. TOMA**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2950

    Attorneys for Defendant

**BROWN, Judge.**

    Plaintiff, Robert Conger, Jr., seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

    For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

    Plaintiff protectively filed his application for DIB on June 9, 2014. Tr. 150.[2] Plaintiff alleged a disability onset date of December 9, 2011. Tr. 205, 215. Plaintiff's applications were denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on February 2,

---

[2] Citations to the official transcript of record filed by the Commissioner on January 30, 2017, are referred to as "Tr."

2 - OPINION AND ORDER

2016. Tr. 35. Plaintiff and a vocational expert (VE) testified at the hearing. Plaintiff was represented by an attorney at the hearing.

On February 12, 2016, the ALJ issued an opinion in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 21-30. On July 20, 2016, the Appeals Council denied Plaintiff's request to review the ALJ's decision, and the ALJ's decision became the final decision of the Commissioner. Tr. 1-5. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On September 20, 2016, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision.

#### BACKGROUND

Plaintiff was born on April 28, 1961. Tr. 150. Plaintiff was 54 years old at the time of the hearing. Plaintiff has a high-school equivalency degree. Tr. 171. The ALJ found Plaintiff has past relevant work experience as an auto-parts salesman and a tractor-trailer driver. Tr. 29, 61-62.

Plaintiff alleges disability due to Chron's disease, diverticulitis, osteoarthritis in his hands, and labyrinthitis. Tr. 170.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. *See* Tr. 23-29. After carefully reviewing the medical records, this Court adopts the ALJ's

3 - OPINION AND ORDER

summary of the medical evidence.

**STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence]

but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

I. **The Regulatory Sequential Evaluation**

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity (SGA). 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner

determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since December 15, 2011, his alleged onset date. Tr. 23.

At Step Two the ALJ found Plaintiff has the severe impairments of obesity, alcoholism with elevated liver enzymes,

7 - OPINION AND ORDER

ischemic heart disease, hypertension, Chron's disease, diverticulitis, peripheral neuropathy, and edema. Tr. 23-24.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. Tr. 24. The ALJ found Plaintiff has the RFC to perform light work except that Plaintiff is limited to standing and walking four or five hours out of an eight-hour workday; no climbing of ladders, ropes, or scaffolds; no crawling; occasional climbing of ramps and stairs; no stooping; and no crouching. In addition, the ALJ stated Plaintiff "should avoid unprotected heights and hazardous worksites." Tr. 25-29.

At Step Four the ALJ concluded Plaintiff is incapable of performing his past relevant work. Tr. 29.

At Step Five the ALJ found Plaintiff could perform other jobs that exist in the national economy, including mail clerk and "counter clerk/furniture rental clerk." Tr. 29-30. Accordingly, the ALJ found Plaintiff is not disabled. Tr. 30.

## DISCUSSION

Plaintiff contends the ALJ erred when he discredited the hearing testimony of Leann Zielinski, D.O., and the Commissioner erred when the Appeals Council declined review of the ALJ's decision even though Plaintiff submitted additional medical

evidence to the Council.

I.  **Dr. Zielinski's Hearing Testimony**

Dr. Zielinski, Plaintiff's primary-care provider, testified at the February 2, 2016, hearing and submitted a "Medical Source Statement" on April 3, 2015. Tr. 40-48, 323-26. The ALJ discredited both Dr. Zielinski's hearing testimony as well as Dr. Zielinski's opinions contained in her Medical Source Statement. Plaintiff contends only that the ALJ erred in discrediting Dr. Zielinski's hearing testimony.

An ALJ may reject a treating physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes findings setting forth specific, legitimate reasons for doing so that are supported by substantial evidence in the record. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1232 (9th Cir. 2011). When the medical opinion of a treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it. *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222 (9th Cir. 2010)(quoting *Lester v. Chater,* 81 F.3d 821, 830–31 (9th Cir. 1995)). The opinion of a treating physician is "given greater weight than the opinions of other physicians." *Kelly v. Astrue,* No. 10–36147, 2012 WL 767306, at *1 (9th Cir. 2012)(quoting *Smolen v. Chater,* 80 F.3d 1273, 1285 (9th Cir. 1996)).

A nonexamining physician is one who neither examines nor

treats the claimant.  *Lester v. Chater,* 81 F.3d 821, 830 (9th Cir. 1995).  *See also Garrison v. Colvin*, No. 12-CV-15103, 2014 WL 3397218, at *13 (9th Cir. 2014).  "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician."  *Taylor,* 659 F.3d at 1233 (quoting *Lester*, 81 F.3d at 831).  When a nonexamining physician's opinion contradicts an examining physician's opinion and the ALJ gives greater weight to the nonexamining physician's opinion, the ALJ must articulate her reasons for doing so with specific and legitimate reasons supported by substantial evidence.  *See, e.g., Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  A nonexamining physician's opinion can constitute substantial evidence if it is supported by other evidence in the record.  *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999).  *See also Simpson v. Astrue*, No. 10-cv-06399-BR, 2012 WL 1340113, at *5 (D. Or. Apr. 18, 2012).

At the hearing Dr. Zielinski testified she sees Plaintiff "every two to four weeks."  Tr. 41.  Dr. Zielinski testified Plaintiff's Chron's disease was diagnosed by a "gastro neurologist," but she did not recall when Plaintiff's last biopsy took place.  Tr. 42.  Dr. Zielinski stated Plaintiff experienced flares of his Chron's disease "two to three times a month."  Tr.

42. Dr. Zielinski testified Plaintiff falls frequently, but she did not know whether those falls took place when Plaintiff was sober or if they took place while Plaintiff was under the influence of alcohol. Tr. 44. Dr. Zielinski stated Plaintiff "has significant bilateral lower extremity edema" as a result of congestive heart failure. Tr. 44. Dr. Zielinski also stated there were objective medical findings to support Plaintiff's allegations of joint pain, but Dr. Zielinski did not have a "clear etiology" at that time. Tr. 46. As a result of these conditions, Dr. Zielinski testified Plaintiff "is unable to be on his feet for more than 15 minutes at a time without significant pain" and that she "personally wouldn't recommend" Plaintiff lifting due to his abdominal pain. Tr. 47-48.

The ALJ discredited Dr. Zielinski's testimony on the grounds that she was unable to recall details of Plaintiff's medical chart during her hearing testimony and the medical record does not support Dr. Zielinski's testimony regarding the severity of Plaintiff's conditions. The parties agree Dr. Zielinski's opinion is contradicted by that of the nonexamining physician Thomas W. Davenport. The ALJ, therefore, was required to provide specific and legitimate reasons for discrediting Dr. Zielinski's opinion. *Ryan*, 528 F.3d at 1198.

The ALJ found Dr. Zielinski's testimony was not supported by the medical record in multiple respects. Contrary to

11 - OPINION AND ORDER

Dr. Zielinski's report that Plaintiff experienced frequent falls, the medical record does not contain evidence that Plaintiff fell regularly. The ALJ also correctly noted that although Plaintiff had periodic problems with edema, he generally responded well to medication. *See, e.g.*, Tr. 370, 429. The ALJ found Plaintiff's periodic problems with edema and his positive responses to medication were inconsistent with Dr. Zielinski's testimony of "significant bilateral lower extremity edema." Tr. 44. In addition, the ALJ reasonably found there is little support in the record for Dr. Zielinski's opinion that Plaintiff can only be on his feet for 15 minutes. Moreover, even though Plaintiff frequently presented to treatment providers complaining of abdominal tenderness, the ALJ pointed out that there was little support in the record for Dr. Zielinski's testimony that Plaintiff experiences flares of his Chron's disease two or three times per month.

Accordingly, on this record the Court concludes the ALJ did not err when he discredited the hearing testimony of Dr. Zielinski because the ALJ provided legally sufficient reasons for doing so.

## II. Evidence Submitted to the Appeals Council

As noted, Plaintiff next contends the Commissioner erred when the Appeals Council declined review of the ALJ's decision even though Plaintiff submitted additional medical evidence to

the Council.

The Appeals Council reviewed the medical evidence submitted to it for the first time (Tr. 415-575), but it concluded "the additional evidence does not provide a basis for changing the [ALJ's] decision." Tr. 2, 5.

When a claimant "submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence." *Brewes*, 682 F.3d at 1159-60, 1162-63. The Court, therefore, considers the additional medical evidence submitted to the Appeals Council when determining whether the ALJ's evaluation of the medical record is based on substantial evidence. *Id.*

After reviewing the medical evidence submitted to the Appeals Council, the Court finds the ALJ's evaluation of the medical record remains supported by substantial evidence. The medical evidence Plaintiff submitted for the first time to the Appeals Council is similar in nature to the evidence that was before the ALJ. Although some of the medical records in that additional evidence support Plaintiff's allegations regarding abdominal pain (*see, e.g.*, Tr. 461), there are other records that support the ALJ's finding that Plaintiff's conditions were not

disabling.  *See, e.g.*, Tr. 427 (Plaintiff leaves doctor appointment abruptly before seeing his physician after being told his doctor will require a drug test), 440 (Chron's symptoms improved on prednisone), 539 (no noted abdominal tenderness).

Accordingly, on this record the Court concludes the Appeals Council did not err when it declined review of the ALJ's decision notwithstanding the additional medical evidence that Plaintiff submitted.

## **CONCLUSION**

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED.

DATED this 7th day of July, 2017.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge